**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NARINDERJIT SINGH, | No.   15-70316 |
| Petitioner, | Agency No. A073-419-674 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2021[**]
San Francisco, California

Before:  FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Narinderjit Singh, a native and citizen of India, seeks review of the Board of

Immigration Appeals' ("BIA") order denying his motion to reopen removal

proceedings.  We review the denial of a motion to reopen for abuse of discretion.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Yeghiazaryan v. Gonzales*, 439 F.3d 994, 998 (9th Cir. 2006).  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

The BIA acted within its discretion in concluding that Singh failed to demonstrate that any change in country conditions was material to his particular circumstances.  *See Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008).  Although the documents submitted establish that Sikhs (who are actively engaged or suspected of militant, terrorist, or violent activities) may be subjected to persecution or torture, there was no new evidence submitted that was material to Singh's situation—a former member of the All India Sikh Students Federation who has not been in India for 25 years and who does not support the establishment of a separate Khalistan by violence.  The record does not support Singh's claim that he would be persecuted or tortured because of his prior activities or an imputed political opinion.[1]  Nor is there any evidence that Indian authorities have any interest in him.  Accordingly, Singh has not shown that the BIA's decision was "arbitrary, irrational, or contrary to law."  *He v. Gonzales*, 501 F.3d 1128, 1131 (9th Cir. 2007) (quoting *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002)).

---

[1] We reject Singh's argument that the BIA did not consider Singh's claim for relief under the Convention Against Torture when it denied the motion to reopen. The BIA concluded that Singh's evidence did not establish that he would be "arrested or otherwise harmed" (which would include being tortured), if he returned to India.

**PETITION FOR REVIEW DENIED.**